**MANDATE**

23-1234-cv
*Banyai v. Town of Pawlet*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

*Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.*

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30th day of April, two thousand twenty-four.

PRESENT: John M. Walker, Jr.,
Steven J. Menashi,
Eunice C. Lee,
    *Circuit Judges.*

_____

DANIEL BANYAI,

    *Plaintiff-Appellant*,

v.    No. 23-1234-cv

TOWN OF PAWLET,

JOHN AND JANE DOE 1 THROUGH 20

    *Defendant-Appellees*.[*]

_____

---

[*] The Clerk of Court is directed to amend the caption as set forth above.

*For Plaintiff-Appellant*:   Joseph Indusi, Law Office of Joseph Indusi, PLLC, Hauppauge, NY.

*For Defendant-Appellee Town of Pawlet:*   Kevin L. Kite, Carroll, Boe, Pell & Kite, P.C., Middlebury, VT.

Appeal from a judgment of the United States District Court for the District Court of Vermont (Sessions, J.).

Upon due consideration, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the orders of the district court of August 7, 2023, are **AFFIRMED**.

Plaintiff-Appellant Daniel Banyai appeals the judgment of the district court entered on August 7, 2023, dismissing three of his four constitutional claims under the *Rooker-Feldman* doctrine, dismissing all four of his claims on the ground of claim preclusion, and denying his motion for leave to amend as futile. "Because *Rooker-Feldman* goes to subject-matter jurisdiction, we review de novo the district court's application of the doctrine." *Hunter v. McMahon*, 75 F.4th 62, 66 (2d Cir. 2023) (quoting *Hoblock v. Albany Cnty. Bd. of Elections*, 422 F.3d 77, 83 (2d Cir. 2005)). We also review the grant of a motion to dismiss under Rule 12(b)(6) de novo, "accepting as true all factual claims in the complaint and drawing all reasonable inferences in the plaintiff's favor." *Slattery v. Hochul*, 61 F.4th 278, 285-86 (2d Cir. 2023) (quoting *Henry v. County of Nassau*, 6 F.4th 324, 328 (2d Cir. 2021)). "We review a district court's denial of leave to amend for abuse of discretion." *TechnoMarine SA v. Giftports, Inc.*, 758 F.3d 493, 505 (2d Cir. 2014) (quoting *Panther Partners Inc. v. Ikanos Commc'ns, Inc.*, 681 F.3d 114, 119 (2d Cir. 2012)). We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal.

I

"[W]hile keeping in mind the Supreme Court's warning that courts must avoid extending *Rooker-Feldman* beyond the narrow circumstances in which it properly applies," we employ "a four-part test according to which *Rooker-Feldman* applies if '(1) the federal-court plaintiff lost in state court; (2) the plaintiff complains of injuries caused by a state court judgment; (3) the plaintiff invites review and rejection of that judgment; and (4) the state judgment was rendered before the district court proceedings commenced.'" *Hunter*, 75 F.4th at 68-69 (quoting *Vossbrinck v. Accredited Home Lenders, Inc.*, 773 F.3d 423, 426 (2d Cir. 2014)). The second prong—that the injuries must have been "caused by a state court judgment"—"is the 'core requirement from which the other *Rooker-Feldman* requirements derive.'" *Id.* at 71 (quoting *Sung Cho v. City of New York*, 910 F.3d 639, 646 (2d Cir. 2018)). This prong is met if "the third party's actions are *produced* by a state-court judgment and not simply ratified, acquiesced in, or left unpunished by it." *Id.* (quoting *Hoblock*, 422 F.3d at 88). In other words, "*Rooker-Feldman* does *not* bar claims based on an opponent's misconduct that *precedes* the state court proceeding, if the plaintiffs' alleged injuries were merely *ratified* by the state-court judgments rather than *caused* by them." *Id.* (quoting *Dorce v. City of New York*, 2 F.4th 82, 104 (2d Cir. 2021)). The question is whether there is a "*causal relationship* between the state-court judgment and the injury of which the party complains in federal court." *Id.* at 72 (quoting *McKithen v. Brown*, 481 F.3d 89, 98 (2d Cir. 2007)).

While "*Rooker-Feldman* squarely forecloses" an attempt to void a state court judgment, "it is equally clear that federal courts do not lose jurisdiction merely because 'a federal plaintiff presents some independent claim, albeit one that denies a legal conclusion that a state court has reached in a case to which he was a party.'" *Dorce*, 2 F.4th at 104 (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 293 (2005)). For example, *Rooker-Feldman* does not generally bar claims against third parties for "alleged misconduct occurring in the course of a state court proceeding," even if the misconduct calls the state court judgment into question. *Hansen v. Miller*, 52 F.4th 96, 100 (2d Cir. 2022).

In this case, Banyai's claims are independent of the state court judgments and are not barred under the *Rooker-Feldman* doctrine. Banyai alleges a years-long coordinated effort to deprive him of his constitutional rights, consisting of actions taken before and after relevant state court judgments were issued, including misconduct in bringing and enforcing the state court judgments. These actions are the alleged cause of his injuries, not the state court judgments that may have "ratified" the purported misconduct but did not "cause[]" it. *Hunter*, 75 F.4th at 71. *Rooker-Feldman* does not prevent a federal district court from considering "alleg[ations] that some of the defendants conspired—before any decisions were issued by the [state] court—to" violate a plaintiff's constitutional rights. *Id.* at 72.

Banyai's selective enforcement claim asserts that the defendants brought state court actions to enforce zoning decisions against him but not against others who were similarly situated. He alleges that the enforcement was selective because, for example, the defendants "refused reasonable accommodations and opted for immediate deconstruction and removal of all structures on Plaintiff's property," which treated him "[u]nlike other similarly situated persons." App'x 18. That claim involves "alleged misconduct occurring in the course of a state court proceeding," *Hansen*, 52 F.4th at 100, and "the way in which the defendants chose to enforce" the "judgment[s] they obtained in state court" and from the zoning administrator. *Powell v. Ocwen Loan Servicing, LLC*, No. 23-421, 2024 WL 763406, at *2 (2d Cir. Feb. 26, 2024). The alleged harm flows from that conduct rather than from the state court judgments. Banyai's equal protection and due process claims concern alleged discriminatory and arbitrary conduct that "precede[d] the state court proceeding," *Hunter*, 75 F.4th at 71 (emphasis omitted), so that conduct cannot have been produced by the proceeding. And Banyai's Second Amendment claim, as the district court recognized, "alleges injuries that do predate the commencement of the state-court proceedings." *Banyai v. Town of Pawlet*, No. 23-CV-101, 2023 WL 5971833, at *7 (D. Vt. Aug. 7, 2023). We conclude that *Rooker-Feldman* did not deprive the district court of subject matter jurisdiction to consider Banyai's claims.

II

If the district court had lacked subject matter jurisdiction over Banyai's claims, it would not have been able to proceed to the issue of claim preclusion. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) ("Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause.") (quoting *Ex parte McCardle*, 74 U.S. 506, 514 (1868)); *see also Exxon Mobil*, 544 U.S. at 293 ("Preclusion, of course, is not a jurisdictional matter."); *Siegel v. Apergis*, 610 F. App'x 15, 16 (2d Cir. 2015) ("[C]laim preclusion go[es] to the merits of a claim, which a court cannot adjudicate in the absence of jurisdiction."). In this case, however, *Rooker-Feldman* did not deprive the district court of subject matter jurisdiction and therefore its consideration of claim preclusion was proper. We agree with the district court that Banyai's claims are precluded and we affirm its judgment on that ground.

"The res judicata effect of state-court decisions … is a matter of state law," *Heck v. Humphrey*, 512 U.S. 477, 480 n.2 (1994), so "a federal court must apply Vermont claim preclusion law to Vermont state court judgments," *Demarest v. Town of Underhill*, No. 22-956, 2022 WL 17481817, at *1 (2d Cir. Dec. 7, 2022). Under that law, a claim is precluded if "(1) a previous final judgment on the merits exists, (2) the case was between the same parties or parties in privity, and (3) the claim has been *or could have been* fully litigated in the prior proceeding." *Iannarone v. Limoggio*, 190 Vt. 272, 279 (2011) (emphasis added) (quoting *In re St. Mary's Church Cell Tower*, 180 Vt. 638, 638 (2006)).

For the third prong of this test, Vermont applies "the broader approach taken by the Restatement (Second) of Judgments, which contains a transaction-based definition." *Demarset v. Town of Underhill*, 214 Vt. 250, 256 (2021) (citing *Faulkner v. Caledonia Cnty. Fair Ass'n*, 178 Vt. 51, 56-57 (2004)). "Under this approach, the scope of the transaction is determined by 'giving weight to such considerations as whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit

conforms to the parties' expectations or business understanding or usage.'" *Id.* (quoting Restatement (Second) of Judgments § 24(2)). As long as "the second action … stems from the same transaction[,] … claim preclusion may apply even though the second action relies on different evidence or legal theories, or seeks relief not requested in the first action." *Sutton v. Purzycki*, 295 A.3d 377, 388 (Vt. 2022) (internal quotation marks omitted). "[R]es judicata applies to both affirmative defenses that could have been raised before, and compulsory counterclaims that should have been raised before, but not to permissive counterclaims." *In re Tariff Filing of Cent. Vt. Pub. Serv. Corp.*, 172 Vt. 14, 20 (2001) (citation omitted).

Here, the state court action produced a final judgment on the merits and involved the same parties or those in privity with those parties. *Banyai*, 2023 WL 5971833, at *8. Whether claim preclusion applies therefore turns on "whether the facts" of the two claims "are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage." *Demarset*, 214 Vt. at 256 (quoting Restatement (Second) of Judgments § 24(2)).

Banyai's constitutional claims in the federal court litigation "could have been fully litigated in the prior proceeding[s]" brought by the Town of Pawlet to enforce the second Notice of Zoning Violation ("NOV2") before the Vermont Environmental Division and the Vermont Supreme Court. *Iannarone*, 190 Vt. at 279. This is because the claims arose from the same series of transactions that were at issue in the state court. All of Banyai's claims were available as "affirmative defenses that could have been raised." *Tariff Filing*, 172 Vt. at 20. Banyai could have argued that NOV2 could not be enforced against him because of its unconstitutionality under any of Banyai's four theories.[1] Banyai's arguments before the Environmental Division that NOV2 could not be enforced, given the

---

[1] Contrary to Banyai's arguments, 24 V.S.A. § 4472(b) did not prohibit him from raising the unconstitutionality of enforcing NOV2 as an affirmative defense.

6

June 2018 permit and the Town's "alleged violations of his and his family's civil rights[] over the last 20+ months," App'x 28, involved facts "related in time, space, origin, [and] motivation," *Demarset*, 214 Vt. at 256 (quoting Restatement (Second) of Judgments § 24(2)), to his current claims that NOV2 and the Town's enforcement of NOV2 are unconstitutional.

Therefore, Banyai's claims are precluded under Vermont law. Banyai's proposed amendments to his complaint would not alter this legal conclusion, so the district court did not abuse its discretion in concluding that amendment would be futile.

\* \* \*

We have considered Banyai's remaining arguments, which we conclude are without merit. For the foregoing reasons, we affirm the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit